UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA NAILS,

              Plaintiff,                        Case Number 22-50709

v.                                                   Honorable David M. Lawson

CITY OF DEARBORN and DEARBORN
FAIR HOUSING DEPARTMENT,

              Defendants.

_____/

## ORDER DENYING LEAVE TO FILE AND DISMISSING CASE

On April 13, 2018, the Honorable Mark Goldsmith issued an order prohibiting Angela Nails from filing any further actions in the Eastern District of Michigan unless she first obtains the written permission of a judge in this district. *Angela Nails v. Estel Smith*, No. 17-12947 (E.D. Mich. Apr. 13, 2018). Judge Goldsmith issued the order because the plaintiff previously had filed several frivolous lawsuits that summarily have been dismissed. *See, e.g.*, *Nails v. Richards*, No. 15-13220 (E.D. Mich. Sept. 16, 2015); *Nails v. King*, No. 15-13218 (E.D. Mich. Sept. 23, 2015); *Nails v. Bolle*, No. 15-13221 (E.D. Mich. Jan. 12, 2016); *Nails v. Ryan*, No. 15-13738 (E.D. Mich. Nov. 5, 2015); *Nails v. Department of Treasury, et al.*, No. 17-10453 (E.D. Mich. Jan. 17, 2018). Since Judge Goldsmith entered the injunction, the plaintiff has filed at least one other complaint that also has been dismissed as frivolous. *See In re Angela Nails*, No. 21-51500 (E.D. Mich. Dec. 22, 2021).

On March 31, 2022, Nails filed the instant complaint against the City of Dearborn and the Dearborn Fair Housing Department, alleging that she was unlawfully discriminated against because her housing application was denied due to her criminal record. ECF No. 1. Nails also filed an accompanying application to proceed without prepaying fees or costs. ECF No. 2. She

did not follow Judge Goldsmith's order to request leave to file her complaint and she did not otherwise identify herself as an enjoined filer. Nevertheless, the Clerk of Court identified her as such and assigned this case to the miscellaneous docket.

The Sixth Circuit repeatedly has held that district courts may enjoin certain litigants from filing further actions without first obtaining leave of court. *See, e.g.*, *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation.") (citing *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987)); *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996) ("[I]t is permissible to require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed."). The plaintiff did not seek or receive leave in this instance, which alone provides sufficient grounds to reject the complaint. *See Stanley v. United States Dept. of Justice*, No. 19-50967, 2021 WL 2823101, at *1 (E.D. Mich. July 6, 2021) ("Because Stanley failed to follow the directions by previously-filed orders [] to seek permission [to file the petition], the Court denies any requested relief."). Moreover, the plaintiff's complaint does not appear to present a legally meritorious, non-frivolous claim. Persons with criminal records are not a protected class under the Fair Housing Act, 42 U.S.C. § 3604, and the complaint does not state an intelligible request for relief. The Court therefore will not grant permission for the plaintiff's case to move forward.

Accordingly, it is **ORDERED** that Nails's motion to proceed in *forma pauperis* (ECF No. 2) is **DENIED**.

It is further **ORDERED** that permission to proceed with the lawsuit is **DENIED**, and the

- 3 -

complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

                                                                      s/David M. Lawson  
                                                                      DAVID M. LAWSON  
                                                                       United States District Judge

Dated: April 21, 2022